UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IGOR ALEKSANDROVICH ADAMOVICH,<br><br>                    Plaintiff,<br><br>     v.<br><br>THE LOOSE WHEEL HOUSE,<br><br>                    Defendant. | Case No. 3:25-cv-05593-TMC<br><br>ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) |

This matter is before the Court at the recommendation of Magistrate Judge Grady J. Leupold in his Order Granting Application to Proceed In Forma Pauperis. Dkt. 2. On July 8, 2025, pro se Plaintiff Igor Aleksandrovich Adamovich filed his complaint against Defendant The Loose Wheel House and moved for leave to proceed *in forma pauperis* ("IFP"). Dkt. 1. Judge Leupold granted Mr. Adamovich's application to proceed IFP but recommended review of the case under 28 U.S.C. § 1915(e)(2)(B) because "it does not appear Plaintiff has adequately stated a claim." Dkt. 2 at 1.

**I.  LEGAL STANDARD**

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to

state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim).

A *pro se* plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

## II.     REVIEW OF THE COMPLAINT

Mr. Adamovich's complaint alleges only that the Loose Wheel House "fired me based on the fact that I'm originally from Moldova" and seeks $75,000 in damages. Dkt. 3 at 2. The complaint does not provide any additional facts that would provide "fair notice" of what "each claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 570; *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). For example, Mr. Adamovich does not give the basis for this Court's jurisdiction

or state whether he is alleging that the Loose Wheel House fired him in violation of state or federal law. *See generally* Dkt. 3. Though the Court liberally construes the complaint as raising both federal and state claims, Mr. Adamovich must still give sufficient details about his firing that plausibly suggest that Defendant engaged in discriminatory conduct. Specifically, Mr. Adamovich needs to explain what happened when he was fired that leads him to believe he was fired due to his national origin. Because the current complaint does not provide enough facts to state a claim, the Court is required to dismiss his complaint unless he can cure its deficiencies. § 1915(e)(2)(B)(iii); *Lopez*, 203 F.3d at 1126–27; *Corinthian Colleges*, 655 F.3d at 995.

### III.    CONCLUSION

Mr. Adamovich is directed to file a proposed amended complaint no later than August 29, 2025. The amended complaint must include a short, plain statement explaining (1) the grounds for the Court's jurisdiction, (2) the claims asserted against Defendant, (3) specific facts that Mr. Adamovich believes support each claim, and (4) the relief requested. Otherwise, the Court will dismiss his complaint without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of August, 2025.

Tiffany M. Cartwright
United States District Judge